**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Jeanetta Johnson–White**
  Debtor(s)

Bankruptcy Case No.: 18–24679–CMB

Chapter: 13
Docket No.: 82 – 70, 73
Concil. Conf.: at

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

### (1.)  PLAN CONFIRMATION:

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐  A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐  B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐  C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. ***A final plan conciliation conference will be held on at , in .*** If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐  D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐  E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐  F.     shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑  G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Bayview (Cl #9); PA Rev (Cl #2); PWSA (Cl #12); United Auto (Cl #14) asa long term debt .

☐  H.    Additional Terms:

*(2.)*   *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**(3.)    *IT IS FURTHER ORDERED THAT:***


**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.


Carlota M. Böhm, Judge
United States Bankruptcy Court

Dated: January 31, 2020

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 18-24679-CMB
Jeanetta Johnson-White                                                    Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: gamr              Page 1 of 2              Date Rcvd: Jan 31, 2020
                             Form ID: 149             Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 02, 2020.
```
db          +Jeanetta Johnson-White,   6600 Apple Street,   Pittsburgh, PA 15206-2732
cr          +Credit Acceptance Corporation,   25505 W. 12 Mile Road, Ste 3000,   Southfield, MI 48034-8331
cr          +Pittsburgh Water & Sewer Authority,   Goehring, Rutter, and Boehm,
             437 Grant Street, 14th Floor,   Frick Building,   Pittsburgh, PA 15219,
             UNITED STATES OF AMERICA 15219-6101
cr          +Wilmington Savings Fund Society, FSB, et al,   c/o Michael J. Shavel Esquire,
             Hill Wallack LLP,   777 Township Line Road,   Suite 250,   Yardley, PA 19067-5565
14960116     AARONS Sales and Lease,   10158 Cobb Place,   Kennesaw, GA 30144
14960117    +Bank of Missouri,   5109 S. Broadband Lane,   Sioux Falls, SD 57108-2208
14960120    ++CREDIT ACCEPTANCE CORPORATION,   25505 WEST 12 MILE ROAD,   SOUTHFIELD MI 48034-8316
             (address filed with court: Credit Acceptance,   25505 W. Twelve Mile Road,
             Southfield, MI 48034)
15062018    +Dept of L&I Office of UC Ben Policy,   651 Boas Street, 6th Floor,   Harrisburg, PA 17121-0725
14960122    +Federal Loan Servicing,   PO Box 60610,   Harrisburg, PA 17106-0610
14960123    +Office of UC Benefits,   PO Box 67503,   Harrisburg, PA 17106-7503
14976721    +Peoples Natural Gas Company LLC,   c/o S. James Wallace, P.C.,   845 N. Lincoln Avenue,
             Pittsburgh, PA 15233-1828
14999502    +Pittsburgh Water and Sewer Authority,   Goehring, Rutter & Boehm,
             c/o Jeffrey R. Hunt, Esquire,   437 Grant Street, 14th Floor,   Frick Building,
             Pittsburgh, PA 15219-6101
14984753     U.S. Department of Education,   c/o FedLoan Servicing,   P.O. Box 69184,
             Harrisburg, PA 17106-9184
14984855     UPMC Physician Services,   PO Box 1123,   Minneapolis, MN 55440-1123
14960124    +United Auto Credit,   1071 Camelback Street,   Suite 100,   Newport Beach, CA 92660-3046
15166911    +United Auto Credit Corporation,   P.O. Box 163049,   Fort Worth, TX 76161-3049
15192504    +Wilmington Savings Fund Society, FSB, et al,   c/o Carrington Mortgage Services, LLC,
             1600 South Douglass Road,   Anaheim, CA 92806-5948

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14960118    +E-mail/Text: bkmailbayview@bayviewloanservicing.com Feb 01 2020 04:07:52
             Bayview Loan Servicing,   4425 Ponce De Leon Boulevard,   5th Floor,   Miami, FL 33146-1837
14989528    +E-mail/Text: bkmailbayview@bayviewloanservicing.com Feb 01 2020 04:07:52
             Bayview Loan Servicing , LLC,   4425 Ponce de Leon Blvd, 5th Floor,
             Coral Gables, FL 33146-1837
14990931    +E-mail/Text: kburkley@bernsteinlaw.com Feb 01 2020 04:08:13   Duquesne Light Company,
             c/o Bernstein-Burkley, P.C.,   707 Grant St., Suite 2200, Gulf Tower,
             Pittsburgh, PA 15219-1945
14960121    +E-mail/Text: bknotice@ercbpo.com Feb 01 2020 04:07:19   Enhanced Recovery Corporation,
             PO Box 57547,   Jacksonville, FL 32241-7547
14975612     E-mail/Text: JCAP_BNC_Notices@jcap.com Feb 01 2020 04:07:32   Jefferson Capital Systems LLC,
             Po Box 7999,   Saint Cloud Mn 56302-9617
14962510     E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 01 2020 04:06:51
             Pennsylvania Department of Revenue,   Bankruptcy Division P O Box 280946,
             Harrisburg PA  17128-0946
14964525     E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Feb 01 2020 04:11:07   T Mobile/T-Mobile USA Inc,
             by American InfoSource as agent,   PO Box 248848,   Oklahoma City, OK 73124-8848
14985339    +E-mail/Text: bankruptcy@huntington.com Feb 01 2020 04:07:03   The Huntington National Bank,
             3 Cascade Plaza  CAS056,   Akron, OH 44308-1124
14960125    +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Feb 01 2020 04:05:36
             Verizon,   PO Box 650584,   Dallas, TX 75265-0584
14991300     E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Feb 01 2020 04:13:12   Verizon,
             by American InfoSource as agent,   PO Box 248838,   Oklahoma City, OK 73124-8838
                                                                                    TOTAL: 10


             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*          Bayview Loan Servicing, LLC, a Delaware Limited Li
cr*         +Duquesne Light Company,   c/o Bernstein-Burkley, P.C.,
             707 Grant Street, Suite 2200, Gulf Tower,   Pittsburgh, PA 15219-1945
cr*         +Peoples Natural Gas Company LLC,   c/o S. James Wallace, P.C.,   845 N. Lincoln Ave.,
             Pittsburgh, PA 15233-1828
14960119    ##+Condor Capital,   PO Box 18027,   Hauppauge, NY 11788-8827
                                                                        TOTALS: 1, * 2, ## 1
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0315-2          User: gamr              Page 2 of 2            Date Rcvd: Jan 31, 2020
                             Form ID: 149             Total Noticed: 27
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 02, 2020                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 31, 2020 at the address(es) listed below:
              James  Warmbrodt    on behalf of Creditor     Bayview Loan Servicing, LLC, a Delaware Limited
              Liability Company bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor     Pittsburgh Water & Sewer Authority jhunt@grblaw.com,
              cnoroski@grblaw.com
              Joseph Peter Nigro    on behalf of Debtor Jeanetta  Johnson-White nigroj@verizon.net,
              chrissyvock86@yahoo.com;jasonjkelley@comcast.net;nigrojr73104@notify.bestcase.com
              Keri P. Ebeck    on behalf of Creditor     Duquesne Light Company kebeck@bernsteinlaw.com,
              jbluemle@bernsteinlaw.com
              Michael J Shavel    on behalf of Creditor     Wilmington Savings Fund Society, FSB, et al
              mshavel@hillwallack.com,   jrydzewski@HillWallack.com;skenny@hillwallack.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor     Peoples Natural Gas Company LLC sjw@sjwpgh.com,
              srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              William E. Craig    on behalf of Creditor     Credit Acceptance Corporation ecfmail@mortoncraig.com,
              mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                            TOTAL: 9